467 F.2d 220
 In the Matter of The LUSK CORPORATION, a Delaware
corporation, et al., Debtors.
ARIZONA LAND TITLE AND TRUST COMPANY, as Trustee under Trust
No. 6736-T, with General Electric Company as
Beneficiary, Appellant,
v.
T. A. RIGG, as Trustee in the reorganization proceedings of
The Lusk Corporation, Appellee.
 No. 71-1542.
 United States Court of Appeals,
Ninth Circuit.
 Sept. 20, 1972.
Rehearing Denied Nov. 8, 1972.
 
 E. F. Rucker (argued), Tucson, Ariz., Dale McAllister (argued), Syracuse, N. Y., Edward W. Scruggs, of Lesher & Scruggs, Tucson, Ariz., for appellant.
 Charles D. McCarty (argued), Tucson, Ariz., for appellee.
 Before MERRILL, KOELSCH and DUNIWAY, Circuit Judges.
 PER CURIAM:
 
 
 1
 General Electric contends that its claim is, under the terms of a trust indenture, entitled to the status of "senior indebtedness" to which the claims of debenture holders are subordinated. The District Court held that the compromise agreement between General Electric and the trustee, in relegating General Electric's claim to the status of "unsecured claim," forecloses this contention.
 
 
 2
 In our judgment this was error. "Unsecured claim" could encompass senior indebtedness as well as other indebtedness.[1] (Indeed, the parties seem deliberately to have fixed on language that would reserve their differences upon the question of the right of General Electric to claim "senior indebtedness" status and thus to avoid the necessity of either party conceding the position of the other.) Accordingly, the phrase is ambiguous and requires construction.[2]
 
 Two issues appear to require attention:
 
 3
 1. Whether it was the intent of the parties that General Electric's claim (absent its security) should have the same status (as senior indebtedness or not) that it occupied before compromise.
 
 
 4
 2. If so, what that status was.
 
 
 5
 Reversed and remanded for further proceedings.
 
 
 
 [1]
 A compromise agreement may preserve or adjust the priorities of the claimant who obtains the substituted claim. 6A Collier on Bankruptcy, at 220, 262, and 625
 
 
 [2]
 See Sec. 242, Restatement of the Law of Contracts, and Comment A